## SUN LIFE ASSUR. CO. OF CANADA
### v. McGRATH, Atty. Gen. et al.
### No. 51 C 1277.

United States District Court
N. D. Illinois, E. D.
April 30, 1952.

Winston, Strawn, Shaw, Chicago, for plaintiff Sun Life Assur. Co.

Black, Sidley, Austin, Burgess & Smith, Chicago, Ill., for defendant William Maske.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for United States.

LaBUY, District Judge.

The Sun Life Assurance Company of Canada, a Canadian corporation, the issuer of four insurance policies through its Philippine Island branch at Manila, filed a complaint for declaratory judgment against the Attorney General of the United

States, William Maske a citizen of Illinois, and Edgar Friedrich Karl Krafft, a citizen and resident of Germany.

It is alleged that on or about November 8, 1948 a Vesting Order was entered by the Philippine Alien Property Administration declaring that after investigation the insured Krafft and/or his beneficiaries under said policies were found to be residents of Germany and nationals of a designated enemy country (Germany), that the proceeds due or to become due under these policies were "property within the Philippines owned or controlled by, payable or deliverable to, held on behalf of or on account of, or owing to, or which is evidence of ownership or control by," the aforesaid national, and that the net proceeds due or to become due under said policies was vested in the Philippine Alien Property Administrator. It is further alleged that subsequent to the issuance of said vesting order, the defendant, William Maske, advised the plaintiff that the policies were in his possession and that all rights thereunder had been assigned to him by the defendant Krafft in 1941. The plaintiff prays that this court find and declare the rights of the various parties in said policies and that plaintiff be discharged from liability except as to those whom the court finds to be entitled to the policies.

The defendant Maske filed an answer and cross-claim. The answer in general admits the allegations of the complaint but denies that the defendant Krafft is making any claim to the policies. The cross-claim asserts the assignment of said policies by Krafft to Maske and prays the court declare said assignment valid, that Maske is the true owner thereof, and declare that the Philippine Alien Property Administrator was without jurisdiction to issue the vesting order and it is therefore null and void. Attached to the answer and cross-claim are purported ratifications of the alleged assignment bearing the signatures of the insured Krafft and/or the beneficiary which are dated April 7, 1951.

The defendant, J. Howard McGrath, has filed a motion to dismiss the complaint for lack of jurisdiction over the Attorney General or the subject matter of the complaint. It is asserted that this is an action to adjudicate interests in property which are vested in the United States as enemy property and the United States has not consented to be sued in this kind of action; that it is an action against the Attorney General as an officer of the United States in his official capacity as successor to the Philippine Alien Property Administrator and is therefore an action against the United States which has not consented to be sued; and that the Attorney General is the sole owner of the property involved in this suit and is therefore an indispensable party to the action over whom the court has not and cannot acquire jurisdiction.

Thereafter, the defendant Maske filed a motion for summary judgment requesting that as a matter of law the court declare the assignment of the policies to Maske to be valid; find that the defendant Maske is the sole owner of the policies; and that the Philippine Administrator is without jurisdiction to issue its vesting order. This motion is supported by affidavits and answers to interrogatories.

The defendant J. Howard McGrath has filed a motion to dismiss the amended cross-claim of the defendant Maske on the ground that jurisdiction therein is premised on the same grounds as the complaint and therefore the court is without jurisdiction over J. Howard McGrath; has no jurisdiction of the subject matter of the amended cross-claim; the amended cross-claim fails to state a claim upon which relief can be granted; the United States has not consented to be sued in the manner attempted by the complaint and cross-claim; the cross-claim has not complied with essential conditions precedent to the institution of suit under the Trading With the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq.; and that the Attorney General is an indispensable party to the action and the court has not acquired jurisdiction over him.

It is contended by plaintiff and cross-claimant that the issuance of the vesting

order was an abuse of power and an act in excess of the authority conferred by statute and executive order; that therefore the suit is not one against the United States and the question of the consent of the United States to be sued is not to be considered; that the suit is governed by the principle enunciated in Philadelphia Co. v. Stimson, 1912, 223 U.S. 605, 32 S.Ct. 340, 345, 56 L.Ed. 570 as follows:

"*  *  * If the conduct of the defendant constitutes an unwarrantable interference with property of the complainant, its resort to equity for protection is not to be defeated upon the ground that the suit is one against the United States. The exemption of the United States from suit does not protect its officers from personal liability to persons whose rights of property they have wrongfully invaded. *  *"

This argument is premised on the interpretation to be given Executive Order No. 9818 issued January 8, 1947, 22 U.S.C.A. § 1382 note, pursuant to the Philippine Property Act of 1946, 22 U.S.C.A. § 1381 et seq. This order provides as follows:

"2. The Philippine Alien Property Administrator is hereby designated to exercise and perform, and there are hereby transferred to him, such rights, privileges, powers, authority, duties and functions, with respect to property located within the Philippines and property transferred pursuant to section 3 hereof, as were vested in or transferred or delegated to the Alien Property Custodian by the Trading With the Enemy Act *  *  *.

"3. The Attorney General *  * is authorized and directed to transfer to the Philippine Alien Property Administrator all property or interests vested in or transferred to him which were located in the Philippines at the time of such vesting or transfer, or the proceeds thereof *  *  *".

The abuse of the order is claimed to rest on the fact that these insurance policies were not "property located within the Philippines" and therefore the order is void.

The complaint alleges that jurisdiction rests on diversity of citizenship and presence of requisite jurisdictional amount. Fundamental to the problem of jurisdiction is (1) has the court acquired jurisdiction over the defendant, J. Howard McGrath, Attorney General of the United States, and (2) if it has not, is his presence essential to an adjudication of the issues in this suit.

Service was made upon the defendant, J. Howard McGrath, by serving the United States Attorney for the Northern District of Illinois and forwarding by registered mail a copy of the writ to the defendant. The authorized mode of process in serving the United States or an officer thereof is covered by Rule 4(d)(4) and (5) of the Federal Rules of Civil Procedure. It is as follows:

"(d) Summons: Personal Service. *  *  * Service shall be made as follows:

*       *       *       *       *       *

"(4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States Attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered mail to such officer or agency.

"(5) Upon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency. *  *"

The mode of service sought to be followed in this case is that provided in subdivision (5). However, this subdivision has been interpreted to mean that "delivering a copy of the summons" requires personal service, for

"in non-statutory actions against an individual federal official, personal service on the official is necessary, and service on the United States Attorney or on one of the official's "subordinates is not sufficient to obtain jurisdiction over the official." Moore's, Fed.Prac., 2d ed., Volume 2, page 992; Cyc. of Fed.Pro., 3rd ed., Volume 3, page 518.

Furthermore, this manner of service is directed at actions which are in essence actions against the United States and applies only if the action is in substance one against a federal officer or agency in his or its official capacity. In the instant case, no personal service has been effected against the defendant in his official capacity. In any event, it is doubtful that such service can be made for

"Rule 4(d)(5) does not extend the area in which process will run, nor does it affect the venue requirements for actions against a federal officer or agency. Unless otherwise authorized by a federal statute, copies of the summons and of the complaint must be delivered to the officer or agency within the state in which the district court is held; and except where there is some special statute governing the venue of the action, the venue will normally lie only in the district in which the officer or agency has his or its official residence."

If, on the other hand, as contended by the plaintiff and cross-claimant, the suit is in essence not one against the United States, then neither Rule 4(d)(4) or (5) govern and jurisdiction of the person must be made as in any action against an individual.

The plaintiff having proceeded to sue and serve defendant J. Howard McGrath in his official capacity as an officer of the United States, and not having perfected such service, the court holds it lacks jurisdiction over the person of J. Howard McGrath, Attorney General of the United States.

Is the presence of J. Howard McGrath essential to the continuance of this action? The test of indispensability is whether the absent party's interest in the subject matter of the litigation is such that no decree can be entered which will do justice between the parties actually before the court without injuriously affecting the rights of the absent party. On the facts of this case as alleged, the defendant, J. Howard McGrath, must be held indispensable. Clearly any final decree that could be made would affect the interest secured by him through the vesting order.

In view of the fact that the service of process was ineffective to bring an indispensable party before the court, it becomes unnecessary to consider the other points and motions raised by the parties herein.

The motion to dismiss the complaint and the amended cross-claim. is sustained and an order has this day been entered in accord therewith.